IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10cv86

| | |
|---|---|
| D.O. CREASMAN ELECTRONICS, INC., ) ) Plaintiff, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Defendant. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Government's Motion to Strike Plaintiff's Designation of George Cook as an Expert or, in the Alternative, Allow the United States an Extension of Time to Designate an Expert Witness with Respect to "Industry Standards" [Doc. 19].

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

This action involves an employment tax dispute between the Plaintiff D.O. Creasman Electronics, Inc. ("Creasman") and the Government over the manner in which Creasman compensates its employees. According to the Plaintiff's Complaint, Creasman builds and expands cable networks for telecommunications companies. [Doc. 1 at 2]. To perform this service,

Creasman employs installation technicians, known as "cable splicers." [Id.]. Creasman alleges that, in accordance with standard industry practice, these cable splicers provide their own trucks and tools and Creasman in turn makes rental payments ("Truck and Tool Rent") to the cable splicers for the actual use of this equipment. [Id. at 3]. In 2007, the Internal Revenue Service ("IRS") determined that the Truck and Tool Rent payments should have been classified as "wages" and therefore subject to federal employment taxes. [Id. at 6]. As a result, the IRS concluded that Creasman owed delinquent taxes, along with interest and penalties, for the tax years 2004 and 2005. [Id.]. Creasman alleges that while it has overpaid other taxes at various times, the IRS has refused to refund these overpayments and instead has applied them against the amounts allegedly due under the IRS's assessment. [Id. at 8].

On April 27, 2010, Creasman instituted the present action pursuant to 26 U.S.C. § 7422 to recover the taxes, penalties, and interest which it contends have been erroneously or illegally assessed and collected. [Doc. 1]. In support of its claim, the Plaintiff has designated George Cook, the Vice President of Creasman, as a person who may be called as an expert witness at the trial of this matter. [Doc. 19-1]. The Designation specifically

states, in pertinent part, as follows:

> Mr. Cook is expected to testify on the basis of his education, training, and experience concerning billing practices within the telecommunications industry, including specifically how cable splicers are paid by their employers. He is also expected to testify that the Truck and Tool Rental Payments made by Creasman to its cable splicers were reasonable and within industry standards. Mr. Cook may offer other opinions as appropriate upon receipt and review of additional discovery and questioning at deposition or trial.

[Id. at 1].[1]

The Government now moves to strike the Plaintiff's designation of Cook as an expert witness in this matter. For grounds, the Government argues that the proposed testimony addresses issues that are not relevant to this case, and therefore, the testimony is inadmissible. Alternatively, the Government requests an extension of an additional sixty (60) days to designate an expert witness on the topics about which Cook proposes to testify. [Doc. 19].

---

[1] Because Cook was not retained or specially employed to provide expert testimony and is not an employee whose duties at Creasman regularly involve giving expert testimony, Creasman did not provide a written report with this disclosure. See Fed. R. Civ. P. 26(a)(2)(B). Thus, the only description of Cook's testimony currently before the Court is this summary as set forth in the Plaintiff's expert designation. Apparently, the Government did not depose Cook prior to filing its motion to strike his testimony.

## II. STANDARD OF REVIEW

Rule 702 of the Federal Rules of Evidence provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The trial judge must act as a gatekeeper, admitting only that expert testimony which is relevant and reliable. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The admissibility of expert testimony is a matter within the broad discretion of the Court. Persinger v. Norfolk & W. Ry. Co., 920 F.2d 1185, 1187 (4th Cir. 1990).

## III. ANALYSIS

The Government argues that Creasman intends to proffer Cook's testimony regarding the industry-wide payment practices for truck and tool rental in an effort to qualify for the special employment tax relief available under § 530 of the Revenue Act of 1978, which grants employment tax relief to a taxpayer who reasonably, but erroneously, classified its workers

as independent contractors instead of employees. The Government contends that Creasman does not qualify for relief under Section 530 and, therefore, Cook should be stricken as an expert witness. [Doc. 19-2].

While couched in terms of excluding an expert witness, the main thrust of Government's motion is to preclude Creasman from pursuing a particular legal theory in its case. This type of argument is improperly raised in the context of a <u>Daubert</u> motion. If the Government wishes to challenge the viability of Creasman's Section 530 defense, it will have ample opportunity to do so in a motion for summary judgment or at trial.[2]

In the alternative, the Government seeks an additional sixty (60) days from the entry of this Order within which to designate an expert in the areas of industry standards and billing practices. The Pretrial Order and Case Management Plan, which was entered on July 16, 2010, established October 1, 2010 as the deadline for the designation of Creasman's experts and November 1, 2010 as the deadline for the Government's expert designation. [Doc. 9]. On September 30, 2010, the Court extended Creasman's expert deadline to December 1, 2010 and the Government's

---

[2]In its reply brief, the Government urges the Court to treat its motion as one for partial summary judgment on the Section 530 issue. [<u>See</u> Doc. 22 at 2]. As the Government has raised this issue for the first time in its reply brief, thus depriving Creasman a reasonable opportunity to respond, the Court declines to do so.

expert deadline to January 1, 2011. [Doc. 14]. Under the current Pretrial Order, discovery is scheduled to close on April 1, 2011, and dispositive motions are due by May 1, 2011. [Doc. 9]. The requested sixty-day extension would extend the Goverment's expert deadline beyond the current discovery and dispositive motions deadlines. Under these circumstances, Creasman would not have a reasonable opportunity to depose any supplemental expert or complete any necessary follow-up discovery. The Government's request for an extension of time to designate a supplemental expert, therefore, is denied.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Strike Plaintiff's Designation of George Cook as an Expert or, in the Alternative, Allow the United States an Extension of Time to Designate an Expert Witness with Respect to "Industry Standards" [Doc. 19] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 29, 2011

Martin Reidinger
United States District Judge