# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv86

| | |
|---|---|
| D.O. CREASMAN ELECTRONICS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ORDER ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

Pending before the Court is Plaintiff's Motion to Compel [# 23]. This action arises out of a dispute with the Department of the Treasury, Internal Revenue Service ("IRS") over Plaintiff's past tax liability. Plaintiff moves to compel the United States to disclose the individual tax returns of individuals it hired to install and slice the lines associated with cable networks. The Government acknowledges that some of the information sought by Plaintiff is discoverable but objects to producing an un-redacted, complete copy of these tax returns. The Court **GRANTS in part** Plaintiff's motion [# 23].

### I.   Background

Telecommunication companies contract with Plaintiff to install and splice the lines necessary to build and expand cable networks. Plaintiff employs individuals known as "cable splicers" to carry out this work. Plaintiff does not provide the cable splicers it employs with the tools for carrying out their job. Instead, these individuals provide their own trucks and tools for use on the job. Plaintiff contends that the cable

splicers received rental payments in exchange for the use of their trucks and tools. Plaintiff made additional payments to the cable splicers for the work they performed based on hourly or unit rates.

This action concerns whether the payments made by Plaintiff to the cable splicers in exchange for using their trucks and tools constitute wages and are subject to federal employment taxes. Specifically, the Government contends that Plaintiff owes delinquent taxes and penalties on these payments because they are wages. In contrast, Plaintiff contends that these payments are not wages and were properly reported on IRS Form 1099 for miscellaneous income. Accordingly, Plaintiff brought this action seeking a refund for the overpayment of taxes. The Government filed a counterclaim seeking the payment of over $500,000 it contends Plaintiff failed to withhold from the cable splicers' wages and turn over to the IRS.

After bringing this action, Plaintiff served its First Request for Production of Documents on the Government seeking copies of the individual tax returns for the 2004 and 2005 tax years for all of its current and former employees. The Government objected to the production of the returns. Subsequently, the Government agreed to produce either a summary chart showing certain information taken from the returns or redacted returns. Because the parties were unable to resolve this issue, Plaintiff moved to compel the production of the returns. Plaintiff's motion to compel is now properly before the Court.

**II.   Legal Standard**

Generally speaking, parties are entitled to discovery regarding any non-

privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D 238, 241 (E.D.N.C. 2010).

**III.    Analysis**

The disclosure of tax returns by the Government is generally prohibited. See 26 U.S.C. § 6103(a); United States v. Brooks, 163 F.R.D. 601, 606 (D. Or. 1995). Congress enacted this statute to protect taxpayers from the improper disclosure by the Government of the information contained in their tax returns. See Beresford v. U.S., 123 F.R.D. 232, 233 (E.D. Mich. 1988). In fact, the willful, unauthorized disclosure of this information by a federal employee is a felony offense punishable by a fine and/or imprisonment. 26 U.S.C. § 7213.

The statute, however, contains numerous exceptions to this general rule. See 26 U.S.C. § 6103; Confidential Informant 92-95-932X v. U.S., 45 Fed. Cl. 556, 558 (Fed.

Cl. 2000). Pertinent to this dispute is 28 U.S.C. § 6103(h)(4)(B), which provides that a return may be disclosed in a federal judicial proceeding pertaining to tax administration "if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding."

Plaintiff seeks the disclosure of the complete tax returns for the 2004 and 2005 tax years for its former and current employees. Plaintiff contends that the entire tax return is necessary in order to determine the extent of any credit it is entitled to pursuant to 26 U.S.C. § 3402 where the employee reported the additional payments for rent of the equipment as income on his or her individual return. The United States does not dispute that some of the information contained in the tax returns is subject to disclosure pursuant to Section 6103(h)(4)(B). (Def.'s Mem. Opp'n Pl.'s Mot. Compel at 5.) Rather, it contends that the Court should limit production to either a summary chart showing the amount of truck and toll payments reported on the returns, the schedule on which they were reported, whether the employee offset the amount of tax due with deductions, and how much the employee paid. Alternatively, the United States proposes to produce redacted copies of the returns.

Since the parties do not dispute the application Section 6103(h)(4)(B) to the return information, the only question for the Court is the scope and manner of the disclosure. Neither the text of the statute nor federal caselaw applying this exclusion provides much guidance. The United States Court of Federal Claims has stated that "[i]n determining how much disclosure of the Taxpayer's return information is appropriate, the court must balance the Taxpayer's right of privacy against plaintiff's

right to discovery." Confidential Informant 92-95-932X , 45 Fed. Cl. at 559.  In contrast, the United States Court of Appeals for the Tenth Circuit held in an unpublished decision that Section 6103(h)(4)(B) "authorizes the IRS to disclose the entire return even if only one part of the return is relevant." Conklin v. U.S., 61 F.3d 915 (10th Cir. 1995) (unpublished).  The decision whether to disclose the entire return or just the relevant information, however, was up to the Government; the Court did not hold that disclosure of the entire return was required.  Id.  A number of courts have allowed the disclosure of tax returns subject to the redaction of personal taxpayer information.  See e.g. Beresford, 123 F.R.D. at 235; Brooks, 163 F.R.D. at 607.

The Court finds that the disclosure of redacted tax returns is appropriate in this case.  The information contained in the returns is directly related to the resolution of Plaintiff's potential tax liability.  Although the parties have agreed to a protective order in this case, and the returns should be marked as "confidential" pursuant to the terms of the protective order, additional steps should be taken to protect taxpayers' expectations of privacy in the personal information contained in their returns.  Specifically, the Government must redact all identifying information, including social security numbers, of the taxpayers, spouses and/or dependents.  The Government should code the returns and maintain the master code. Moreover, the Court limits the production of tax returns to only those individuals Plaintiff employed as cable splicers.  To the extent it has not already done so, Plaintiff shall provide a list of these employees to the Government. Accordingly, the Court **GRANTS in part** Plaintiff's Motion to Compel [# 23].

## IV.  Conclusion

The Court **GRANTS in part** Plaintiff's Motion to Compel [# 23].  The Government shall produce the redacted tax returns within twenty (20) days of the entry of this Order.  To the extent that additional time is needed to locate these returns and redact the identifying information, the Government may move for an extension of time to comply with this Order.

Signed: May 10, 2011

Dennis L. Howell
United States Magistrate Judge